[No. 2,705.]

## ADELIA HILL v. WM. WEISLER.

APPEAL.—When the notice of appeal is not inserted in the transcript, but in place thereof there is a stipulation that a notice of appeal was filed and served, and there is also a statement on motion for a new trial, and an order denying the same, the Court cannot determine whether the appeal was taken from the judgment or order denying a new trial.

STATEMENT ON MOTION FOR A NEW TRIAL.—A statement in support of a motion for a new trial must specify the particular errors of the law relied on, and the particular reasons why the verdict is alleged to be contrary to the evidence.

APPEAL from the District Court, Fourteenth Judicial District, County of Placer.

This was an action to recover damages from the defendant for washing away the plaintiff's ditch while working his mining claim. There was a jury trial and the plaintiff had a verdict for $800. The defendant moved for a new trial, and in support of his motion filed a statement. The following were the reasons specified in the statement why a new trial should be granted:

First—The said judgment is against law.

Second—Said judgment is contrary to the evidence, and there is neither law nor evidence to sustain said verdict.

1st. Because the ditch described in the complaint did not belong to plaintiff.

2d. The allegations and proofs do not correspond.

3d. Defendant's claims were older in date, and had priority over the ditch in the complaint described.

4th. The defendant was not liable to an action for any of the acts charged in the complaint.

5th. Errors in law occurring at the trial of said cause and duly excepted to by defendant, as shown by the various exceptions taken by defendant, and in giving the instructions given, and in the refusal of those asked by defendant.

One of the defenses relied on by the defendant was, that the ditch which was washed away did not belong to the plaintiff, but had been dug years before by miners for their own use, and left by them before the plaintiff entered into possession of it. The complaint averred that the ditch, which had been washed away, passed by a certain shaft on a side hill. The defense claimed that it passed some hundred and fifty or more feet below the shaft, and that there was, therefore, a variance between the proofs and the allegation of the complaint. The defendant appealed.

The other facts are stated in the opinion.

*Jo. Hamilton.* for the Appellant.

*C. A. Tuttle*, for the Respondent.

The alleged reasons why a new trial should be granted are:

1st. That the judgment is against law.

I see nothing to support this.

2d. The judgment is contrary to the evidence.

There are no specifications under this head showing in what the evidence does not sustain the verdict. The allegations, 1st, 2d, 3d and 4th, are mere statements of counsel's own opinions on the subject, and not statements showing wherein the evidence is insufficient. In other words, the statement does not "specify the particulars in which the evidence is alleged to be insufficient." (Pr. Act, Sec. 195; *Butterfield* v. *C. P. R. R. Co.*, 37 Cal. 384.)

The reasons assigned why a new trial should be granted, are, in form, a mere Common Law assignment of errors, which is unknown to our practice. There is no specification of "particular errors upon which the party will rely" as required in Sec. 195 of Pr. Act. I contend, therefore, that the whole statement should be disregarded. (*Hutton* v. *Reed*, 25 Cal. 478.)

By the Court, WALLACE, C. J.:

1. It is impossible to determine, from the record before us, whether an appeal was taken from the order denying a new trial or from the judgment, or both. The transcript contains the judgment and the order denying a new trial. No notice of appeal and no evidence of service of such notice is shown; the only stipulation upon this point is "that notices of new trial and appeal, and appeal bond were duly served and filed and made in time."

2. If the appeal is to be regarded as taken from the judgment alone, it is sufficient to say that we discover no error upon the judgment-roll, as found in the record.

3. If the appeal was taken from the order denying a new trial, it is apparent that that order is not before us for examination. If errors of either law or fact occurred which would have entitled the defendant to a new trial, they are not sufficiently specified within any recognized rule of practice—even the most liberal in its character.

Judgment and order affirmed. Remittitur forthwith.

Neither Mr. Justice RHODES nor Mr. Justice NILES expressed an opinion.